SCHWAB, C. J.
In this worker’s compensation case the referee found claimant to be permanently and totally disabled. The Workers’ Compensation Board reduced the award to 224 degrees which is 70 percent of the maximum allowable for an unscheduled permanent partial disability. The circuit court on review reinstated the referee’s order, and we affirm.
The significant documentary evidence introduced at the hearing consisted of reports from an orthopedic surgeon employed by the Workers’ Compensation Board in its Disability Prevention Division, and the report of a clinical psychologist to whom claimant was referred by the orthopedic surgeon. There is also in the record a rather cryptic letter from claimant’s personal physician saying that he considered claimant “permanently disabled,” but because of its nature, we give it no weight.
The initial report of the orthopedist indicated that the industrial injury had aggravated preexisting osteo-arthritic changes and aggravated the postoperative residuals of previous laminectomies. The report also noted that these conditions were superimposed upon other disabilities not related to the injury involved here; namely, “chronic obstructive pulmonary disease” and "onychomycosis of fingers and toes, bilateral, severe.” The doctor indicated that he noted no dramatization or bizarre symptoms, but he did recommend a psychological evaluation for the purpose of determining claimant’s interests and aptitudes. The report of the psychological evaluation contained the following:
"This client is experiencing a moderately severe psychophysiological reaction with equally severe anxiety as a result of his somatic complaints. The fact that he is in constant pain, and that his condition has been getting increasingly worse over the years contributes to this condition. At times, it has been difficult for him to continue tolerating this. He fears becoming addicted to pain medication. His self-concept is at a low ebb, as he *[588] feels restricted in all areas of his life. In spite of all of these factors, he is friendly and cheerful, and has some good basic personality resources.
"Impression: The psychological evaluation reveals that this client is functioning within the normal range of intellectual ability with both verbal and nonverbal materials. Although he has had very few years of formal schooling, he has picked up a lot of information, and has acquired a wide number of skills. He demonstrated average abilities in a number of areas, though his manual dexterity with small objects is severely limited by a fungus growth on his finger nails. He has a very good work record, and feels that he would have no difficulty finding a job at the present time, if he were physically able to work. He was judged to be permanently and totally disabled by Social Security in 1971, but preferred to go back to work as soon as he felt capable of doing so. Now, he appears to be at the point of not wanting to work again, because of the constant pain he is experiencing and his many limitations. He is experiencing a moderately severe psychophysiological reaction with moderately severe anxiety about his condition. He says that he does not want to become addicted to pain medication, as he remembers that his father became dependent on drugs due to a variety of ailments, including a chronic back condition. He does find the pain almost unbearable at times, and on these occasions he finds it difficult to continue. This condition is particularly difficult for him, as he has thought of himself as being self-sufficient, competent in many areas and ambitious since he was eight years old.
"Classification: * * * This moderately severe psychopathology is largely attributable to the alleged injuries.
"Prognosis: The prognosis for the restoration and rehabilitation of this client is somewhat doubtful. If his physical condition were to improve so that he could get sufficient relief from constant severe pain, he would be willing to return to work, and his psychological condition would improve.
" Comments and Recommendations: (1) This 52 year old client has a very good work history and has a variety of job experiences.
*[589] "(2) The only limitations he feels at the present time are due to his back condition. He feels sufficiently qualified to do many different things, if he were physically able to do them.
"(3) He is very much afraid of having a further operation on his back, because of his arthritic condition. "(4) Some short-term psychotherapy may enable him to deal more effectively with his anxiety and depression. The value of long-term psychotherapy for this client is questionable at the present time.”
The second, medical report by the orthopedist was made some two weeks after the first one which is discussed above. It concluded that claimant had a moderately severe impairment of his back and that long-range improvement of this condition was questionable because of the residual scarring resulting from previous surgeries. This report finally concluded:
"Case closure rather than job change appears to be indicated, in view of the difficult problem that he [claimant] offers.”
The evidence upon which the employer relies and upon which the Workers’ Compensation Board relied in overruling the referee’s finding that claimant was permanently and totally disabled came from a vocational expert, also a psychologist, who testified at the hearing. This expert testified that the claimant could perform some types of light and sedentary work. However, we give little weight to his testimony because he stated, "There is no impairment of [claimant’s] psychological state, his emotional state or his perceptual capabilities * * This expert had never seen the claimant. His testimony on this point was based only on the reading of the reports referred to above. There is nothing in the orthopedist’s reports from which an inference can be drawn that claimant was malingering or exaggerating. If they are capable of any inference, it is to the contrary. The report of the psychological evaluation is flatly contrary to the statement of the vocational expert which is not supported by any explanation as to how his review of *[590] these records led him to the conclusion that there was no psychological or emotional impairment.
Claimant testified at the hearing that he was 53 years old and had not gone to school beyond the eighth grade. Immediately preceding the injury he had worked at the same job for two-and-a-half years with only a few days’ absence. He stated that he had no special vocational skills and had worked mostly at jobs involving manual labor. He testified that he had problems with his back in past years.
The referee noted that:
"* * * [Claimant complained of limited capacity to drive, that he must get out and walk around frequently, that he is able to walk only one or one and a half blocks and then must take the pressure off his leg and hip and that he is unable to sit for very long without changing position. He complained of great difficulty climbing a ladder, crawling, bending and lifting. He takes 6 to 10 aspirin, two Valium and one Percodan a day.”
The referee obviously found claimant credible. Not only did he find him permanently and totally disabled, but he specifically noted:
"Though there was a report of symptom exaggeration by the claimant in a 1970 examination by a Dr. Baker, the evidence accumulating since the 1974 injury does not establish either conscious exaggeration or malingering.”
On the record before us the claimant has demonstrated by a preponderance of the evidence that he is permanently and totally disabled.
Affirmed.